**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2065
_____

BENOY THOMAS,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A219-167-263)
Immigration Judge:  Lisa de Cordona
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 26, 2021

Before: KRAUSE, BIBAS and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 6, 2022)
_____

OPINION[*]
_____

PER CURIAM

        Pro se petitioner Benoy Thomas, a native and citizen of India, petitions for review

of an order of the Board of Immigration Appeals (BIA), which dismissed as untimely his

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

appeal of an order issued by an Immigration Judge. For the following reasons, we will deny the petition for review.

Thomas entered the United States in January 2016. The Government charged him with removability for having been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B) (illicit trafficking in a controlled substance). 8 U.S.C. § 1227(a)(2)(A)(iii). The Department of Homeland Security issued a Final Administrative Removal Order, see Administrative Record (A.R.) 474, and, on January 21, 2021, the IJ rendered an oral decision denying Thomas' applications for withholding of removal and protection under the Convention Against Torture (CAT). A.R. 16. Thomas filed a pro se notice of appeal, A.R. 11, which the Board received on March 1, 2021. A.R. 7-10. The Board summarily dismissed the appeal because it was untimely filed. A.R. 2. Thomas filed a timely petition for review.[1]

A notice of appeal to the BIA of an IJ's decision "shall be filed directly with the Board ... within 30 calendar days after the stating of an Immigration Judge's oral decision or the mailing of an Immigration Judge's written decision." 8 C.F.R. § 1003.38(b). "If the final date for filing falls on a Saturday, Sunday, or legal holiday, [the] appeal time shall be extended to the next business day." Id. The date the BIA received the notice of appeal is the date it is considered filed. Id. at 1003.38(c). Indeed, an appeal is "not properly filed unless it is received at the Board, along with all required documents, fees

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a).

or fee waiver requests, and proof of service, within the time specified." 8 C.F.R. § 1003.3(a)(1); see also 8 C.F.R. § 1003.38(d) (providing that the notice of appeal "must be accompanied" by the appropriate fee or fee waiver request form).

The IJ denied Thomas' applications for relief in an oral decision issued on January 21, 2021. It appears that the IJ's order was electronically served on Thomas' attorney on that date, A.R. 16-17, and was mailed to his attorney the next day, A.R. 15. Therefore, Thomas' notice of appeal had to be received by the Board by Monday, February 22, 2021. See 8 C.F.R. § 1003.38(b). The Board did not receive Thomas' notice of appeal, however, until March 1, 2021, one week too late. A.R. 7-10. Therefore, the Board properly dismissed Thomas' appeal as untimely filed.

We note that some courts have concluded that the 30-day time limit for filing a notice of appeal to the BIA is not jurisdictional, and may be excused in extraordinary circumstances. Irigoyen-Briones v. Holder, 644 F.3d 943, 949 (9th Cir. 2011); Zhong Guang Sun v. U.S. Dep't of Justice, 421 F.3d 105, 108-111 (2d Cir. 2005); cf. Huerta v. Gonzales, 443 F.3d 753, 756 (10th Cir. 2006) (explaining that the 30-day deadline for filing an appeal to the Board is a mandatory claim-processing rule). Thomas asserts in his brief to this Court that he is detained and that "limited access to [the] Law Library and computers" provided him with "less time" to draft legal filings. Pet'r's Br. 4. He also claims that he "sent the Appeal [on] time but as he is going Pro Se he forgot to [include] the fee waiver" request. Thomas explains that this was an "honest mistake," that he was "unaware about the rules," and that he "forgot to put the fee waiver" with his appeal. Id.

3

at 4, 13.

We lack jurisdiction to consider these claims because Thomas did not raise them before the Board. An alien must exhaust all administrative remedies available to him as a prerequisite to raising a claim before this Court. 8 U.S.C. § 1252(d)(1). Failure to present an issue to the agency constitutes a failure to exhaust, thus depriving us of jurisdiction to consider it. See Lin v. Att'y Gen., 543 F.3d 114, 119-20 (3d Cir. 2008). Thomas asserts that, after the Board returned his notice of appeal "due to [the] missing fee waiver," he sent [the notice of appeal] [b]ack right away with the fee waiver and memorandum explaining why it was delayed." Pet'r's Br. at 4. Notably, however, the record does not contain evidence of this correspondence. And even if Thomas had exhausted his arguments for excusing the 30-day limitations period, tolling would not be justified. Indeed, his allegations do not constitute extraordinary circumstances, which generally occur where there has been some form of "official misleading" or where there has been a delay in delivery by an express mail service. Zhong Guang Sun , 421 F.3d at 109-11.

For the foregoing reasons, we will deny the petition for review.